UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-100 |
| WALTER REED<br>STEVEN REED | SECTION "L" |

### ORDER & REASONS

Currently pending before the Court are two motions: (1) Defendants' Motion to Change Venue and Continue Trial for One Week (R. Doc. 187) and Defendants' Supplemental Motion to sever Defendants and Counts (R. Doc. 189). Having read the parties' briefs and reviewed the applicable law, the Court now issues this Order and Reasons.

### I.  BACKGROUND

From 1985 to January 12, 2015, Walter Reed served as the District Attorney for Louisiana's 22nd Judicial District.  Steven Reed is his son.  On April 23, 2015, the United States government filed an eighteen-count indictment charging Defendants Walter and Steven Reed with conspiracy to commit wire fraud and money laundering, as well as substantive counts of wire fraud, money laundering, false statements on income tax returns, and mail fraud.  On October 22, 2015, the Government filed a superseding indictment (the "Indictment"), adding an additional wire fraud count (count 8) against Walter Reed.

The gravamen of the conspiracy and wire fraud counts (counts 1-8) is Defendants' alleged improper personal use of campaign funds.  Walter Reed is alleged to have solicited campaign funds from donors on the premise that the funds would be used to facilitate his reelection and then used those funds to pay for personal expenses unrelated to his campaign or the holding of public office.  Specifically, the wire fraud counts allege that, *inter alia*, Walter

Reed used campaign donations (i) to recruit potential clients for his private legal practice, (ii) pay off various expenses incurred by Steven Reed, (iii) pay for private and personal dinners, (iv) overpay his son for work allegedly performed on behalf of the Campaign, and (v) host a housewarming party for friends and family unrelated to the Campaign or the holding of public office.  Further, Walter and Steven Reed are alleged to have engaged in money laundering (counts 9 and 10) when they caused two service providers for a campaign-related event to make payments to entities controlled by Steven Reed in a manner that would disguise the payments as legitimate expenses when, in fact, the payments were for the personal benefit of the Defendants. Steven Reed is only charged with conspiracy to commit wire fraud, one count of wire fraud (count 7) and money laundering.

In addition to the wire fraud and money laundering counts, the Indictment also alleges that Walter Reed engaged in mail fraud when he deposited payments made by the St. Tammany Parish Hospital (the "Hospital") in exchange for legal representation by the District Attorney's office into his own personal bank accounts for private use.  Specifically, the mail fraud counts (counts 15-19) allege that Walter Reed began attending meetings of the Hospital board and advising the Hospital board on various issues in his capacity as a District Attorney.  According to the Indictment, he arranged for checks to be sent to the District Attorney's office and then deposited them into his personal bank account when he knew these funds were actually intended for the Office of District Attorney.  Finally, the Indictment alleges that Walter Reed underreported his income on his tax returns for four years.

**II.    MOTION TO CHANGE VENUE OR CONTINUE TRIAL**

Given the media coverage of the upcoming trial and the reporting on several inadmissible items of evidence, Defendants argue that a change of venue is required under the Federal Rules

of Criminal Procedure. Alternatively, Defendants request that the Court continue the April 18, 2016 trial for one week to allow the media coverage on the inadmissible items of evidence to cease prior to jury selection.

Rule 21(a) of the Federal Rules of Criminal Procedure states "[u]pon the defendant's motion, the court must transfer the proceeding against a defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." However, "exposure to pretrial publicity…does not necessarily destroy a juror's impartiality. Consequently, a change of venue should not be granted on a mere showing of widespread publicity." *United States v. Parker*, 877 F.2d 327, 330 (5th Cir. 1989). "When pretrial publicity is the basis for relief under Rule 21, a defendant must show that the publicity inflamed the jury pool, pervasively prejudiced the community against the defendant, probatively incriminated [him], or exceeded the sensationalism inherent in the crime. *United States v. Wilcox*, 631 F.3d 740, 747 (5th Cir. 2011) (internal citations and quotation omitted).

The publicity here does not rise to the level of prejudicial pretrial publicity that courts have used as the basis of relief pursuant to Rule 21. Reed was a public figure, but primarily known in the several parishes in which he was district attorney. This matter received media attention prior to the inception of criminal charges and coverage of the trial will continue regardless of when and where it occurs.

Defendant's alternate remedy, a week continuance, is similarly unnecessary. First, there is no indication that a one-week continuance will delay any media coverage or attention. Second, dozens of people will suffer prejudice if, at this late date, the matter is continued. The Government has subpoenaed over five dozen witnesses to testify in this matter. Those witnesses

have made themselves available for the current trial date, which has been scheduled since late October 2105. Further, the Government indicates that it has already reserved and paid for travel and accommodations for many of the witnesses.

Finally, and perhaps most importantly, the Court has already sent out, and begun to receive, jury questionnaires created, in part, to account for exposure potential jurors have had to media reports. The questionnaires, followed by a searching in-person *voir dire*, are more than sufficient to ensure that Defendants receive a fair trial heard by impartial jurors in this venue beginning on April 18, 2016, despite the media coverage of this matter.

### III. SUPPLEMENTAL MOTION TO SEVER

Additionally, Defendants seek reconsideration of their respective motions to sever. Specifically, Steven Reed re-urges his Motion to Sever based upon the reasons argued in his original motion and the recent continued media coverage of his co-defendant Walter Reed. Steven Reed argues that the ongoing "media assassination" of Walter Reed is prejudicial to Steven Reed as it will lead jurors to believe that Steven Reed is guilty by means of his association with his father.

Similarly, Walter Reed re-urges his Motion to Sever Counts 1-14 from Counts 15-19, arguing that they are completely unrelated and entirely distinct. Walter Reed contends that although aspects of his personal life cannot be separated from the charges in counts 1-14 (related to the campaign fund), his personal life is not relevant in any way to the charges in counts 15-19 (related to St. Tammany Parish Hospital). Thus, Walter Reed argues that he should be entitled to a separate trial on counts 15-19, which would eliminate the possibility of improper juror bias based on irrelevant evidence from Mr. Reed's personal life which is likely to pervade the trial on the campaign fund counts (counts 1-14). Finally, Walter Reed again makes the argument (as he

did in his original motion to sever) that he would be severely prejudiced by the requirement that he take the stand in the case involving the campaign fund counts (counts 1-14).

This Court rejected the Defendants' prior requests for severance. *See* (R. Doc. 93). Defendants have not offered any new, compelling reasons to justify a different result now. Accordingly, the Court adopts its Order and Reasons denying Defendants' prior requests to sever. *Id.*

### IV.  CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the Defendants' Motion to Change Venue or Continue Trial (R. Doc. 187) and the Defendants' Motion to Sever (R. Doc. 189) are **DENIED**.

New Orleans, Louisiana, this 8th day of April, 2016.

_____
UNITED STATES DISTRICT JUDGE