**U.S. Department of Justice**
United States Attorney
Eastern District of Louisiana

*Richard W. Westling*
*First Assistant United States Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3034*
*Fax: 504-589-7152*

June 11, 2015

***By Electronic Mail***

Richard T. Simmons, Jr., Esquire
Hailey, McNamara, Hall, Larmann & Papale, LLP
One Galleria Boulevard Suite 1400
Metairie, Louisiana 70001

Glenn Burns, Esquire
The Willis Law Group
1100 Poydras St., Suite 2602
New Orleans, LA. 70163

Re: United States v. Walter P. Reed and Steven P. Reed, Crim. No. 15-100 (E.D. La.)

Dear Mr. Simmons and Mr. Burns:

In an effort to address some of the issues you have raised in a series of discovery requests in connection with the above-referenced matter, we are providing you with the following information:

*Amount Paid to Globop for April 2012 Housewarming Party*

The amount alleged in Count 1, Part C, Paragraph 11 that Walter P. Reed Caused to be paid to Globop from the Walter Reed Campaign Fund is derived from the amounts of the checks referenced in Count 1, Part D, Paragraphs 7 and 8.

*"Unlawful Activity" Referenced in Counts 8 and 9*

The unlawful activity referenced in Paragraphs 1 and 4 is wire fraud.

*Tax Computations*

As you know, it is typical in most criminal tax prosecutions to supply a defendant with certain information including the tax years, the method of proof and the amount of income the government alleges that the defendant failed to report on his or her tax returns. Accordingly, please be advised that the government contends that your client, Walter P. Reed, omitted the

GOVERNMENT EXHIBIT
a
PENGAD 800-631-6989

following approximate amounts from his U.S. Individual Income Tax Returns, Forms 1040 for each of the listed years:

| Tax Year | Estimated Amount of Unreported Income |
| --- | --- |
| 2009 | $65,859.95 |
| 2010 | $17,685.23 |
| 2011 | $14,257.05 |
| 2012 | $47,932.78 |

The government has used the specific items method of proof to establish the unreported amounts for each year. Additionally, the government expressly states that these are preliminary numbers and that they can, and likely will, change prior to the trial of this case as we continue to evaluate certain alleged campaign expenditures in an effort to determine whether they were, in fact, used to pay your client's personal expenses and, as a result, are taxable to him.

*Notice of Fraud Forfeiture*

As you are aware, unlike the sample forfeiture notices attached as exhibits to your motion for a bill of particulars, which provide notice of the Government's intent to forfeit specific pieces of property that constitute or are derived from proceeds the defendant obtained as a result of the charged violations, the Notice of Forfeiture in the instant Indictment simply asserts a money judgment, without identifying a particular source of the funds.

The amount alleged in the Notice of Fraud Forfeiture is comprised of the amount your client received from St. Tammany Parish Hospital in violation of federal law in the ten years prior to the date of the Indictment and funds from the Walter Reed Campaign Fund your client misused. This amount includes the following expenditures, records of which have already been provided to you:

- Expenditures related to the April 14, 2012 housewarming party
- Payment to Steven P. Reed for production of an anti-drug video
- Payments to Steven P. Reed's company, Liquid Bread, purporting to be related to the September 22, 2012 fundraiser (the "America Event")
- A payment to Gerald's Steakhouse on June 14, 2010
- Payments to Annadelle's Plantation, including one on June 15, 2010
- Payments to Dakota Restaurant, including one on November 24, 2011
- Payments to Flowers N Fancies, including one on April 23, 2012
- A payment to "First Pentecostal Church" in North Little Rock, Arkansas on August 29, 2012

Additionally, the government expressly states that the forfeiture amount set forth in the indictment is a preliminary number and that it can, and likely will, change prior to the trial of this case as we continue to evaluate expenditures from your client's campaigns in an effort to determine whether they were, in fact, used to pay your client's personal expenses.

*Identity of "Company A" and "Company B"*

As we discussed previously, the entity described as "Company A" in the Indictment is White Oak Productions. The entity described as "Company B" in the Indictment is The Lake House.

*Request for Reciprocal Discovery*

In addition, the Government pursuant to Rule 16(b)(1)(A) and 16(b)(1)(B) of the Federal Rules of Criminal Procedure, hereby requests production of the following:

(A) Documents and Objects. If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:

(i) the item is within the defendant's possession, custody, or control; and

(ii) the defendant intends to use the item in the defendant's case in chief at trial.

(B) Reports of Examinations and Tests. If a defendant requests disclosure under Rule 16(a)(1)(F) and the Government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:

(i) the item is within the defendant's possession, custody, or control; and

(ii) the defendant intends to use the item in the defendant's case in chief at trial, or intends to call the witness who prepared the report and the report related to the witness's testimony.

(C) Expert witnesses. The defendant must, at the Government's request, give to the Government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if:

(i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or

(ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications

Please let me know if you have any questions or need any additional information.

Very truly yours,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

Richard W. Westling
First Assistant United States Attorney

RWW/