**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-100 |
| WALTER REED AND<br>STEVEN REED | SECTION "L" |

<u>**ORDER AND REASONS**</u>

Pending before the Court are two Motions for Bond Pending appeal, one filed by Defendant Walter Reed (R. Doc. 383) and one filed by Defendant Steven Reed. (R. Doc. 361). The Government opposes both motions. (R. Doc. 386). Upon leave of the Court, Walter Reed filed a reply. (R. Doc. 393). Oral Argument was also heard on this Motion on March 8, 2017. Having read the parties' briefs, reviewed the applicable law, and heard the parties on oral argument, the Court now issues this Order & Reasons.

**I.      BACKGROUND**

On April 23, 2015, Defendants Walter Reed ("W. Reed") and Steven Reed ("S. Reed") were charged in an eighteen-count indictment. Specifically, the indictment alleged that, inter alia, W. Reed used campaign donations to (i) recruit potential clients for his private legal practice, (ii) pay off various expenses incurred by Steven Reed, (iii) pay for private and personal dinners, (iv) grossly overpay his son for work allegedly performed on behalf of the Campaign, and (v) host a housewarming party for friends and family unrelated to the Campaign or the holding of public office. Further, according to the indictment, W. Reed actively misled his donors by (i) holding fundraisers, claiming they were the purpose of furthering his reelection efforts; (ii) misrepresenting the actual purpose of expenditures on filings with the Louisiana Board of Ethics; and (iii) using recipients of legitimate campaign-related expenses to mask some

illegitimate payments to S. Reed. The indictment also alleged that W. Reed engaged in mail fraud when he deposited payments made by the St. Tammany Parish Hospital in exchange for legal representation by the District Attorney's office into his own personal bank accounts for private use. On October 22, 2015, the Government filed a superseding indictment, adding an additional wire fraud count against W. Reed. The superseding indictment also contained a Notice of Fraud Forfeiture, which notified both Defendants of the Government's intent to seek forfeiture for Counts 1-10 and 15-19 in accordance with F. R. Crim. P. 32.2(a).

Count 1 alleged that W. Reed and S. Reed conspired under 18 U.S.C. § 371 to commit the above-mentioned offenses. Counts 2 – 6 and Count 8 alleged that W. Reed committed wire fraud by willingly and knowingly transmitting and causing to be transmitted funds in interstate commerce in violation of 18 U.S.C. §§ 1342, 1343. Count 7 alleged that W. Reed and S. Reed committed wire fraud by willingly and knowingly transmitting and causing to be transmitted funds in interstate commerce in violation of 18 U.S.C. §§ 1342, 1343. Counts 9 and 10 alleged that W. Reed and S. Reed committed money laundering in violation of 18 U.S.C. § 1956. Counts 11 – 14 alleged that W. Reed willfully made false statements on income tax returns in violation of 26 U.S.C. § 7206(1). Counts 15 – 19 alleged that W. Reed committed mail fraud by knowingly cause to be delivered funds by mail in violation of 18 U.S.C. § 1341.

On May 22, 2016, following an 11-day trial, a jury found W. Reed guilty of Count 1, conspiracy to commit wire fraud and money laundering; Counts 2 through 8, wire fraud; Count 9, money laundering; Counts 11 through 14, making false statements on income tax returns; and Counts 15 through 19, mail fraud. The jury also found S. Reed guilty of Count 1, conspiracy to commit wire fraud and money laundering; Count 7, wire fraud; and Count 9, money laundering. The jury acquitted both Defendants of Count 10.

Post-trial both defendants filed motions for acquittal, new trial, and arrest of judgment, which the Court denied. (R. Doc. 353). On March 3, 2017, this Court issued a preliminary order of forfeiture as to both Defendants. (R. Doc. 389). Sentencing in this case is currently scheduled for March 30, 2017.

## II.    APPLICABLE LAW

Applications for bail pending appeal are governed by 18 U.S.C. § 3143(b), commonly referred to as the Bail Reform Act of 1984. In passing 18 U.S.C. § 3143(b), Congress intended to limit the availability of bond pending appeal, thus creating a presumption against bond pending appeal, "so that the conviction is presumed correct and the burden is on the convicted defendant to overcome that presumption." *See United States v. Valera-Elizondo*, 761 F.2d 1020, 1024 (5th Cir. 1985) (discussing and adopting Third and Eleventh Circuit precedent). In the Fifth Circuit, a defendant seeking bond pending appeal must show:

(1)    the Defendant is not likely to flee or pose a danger to the safety of any person or the community;

(2)    the appeal is not for the purpose of delay;

(3)    the appeal raises a substantial question of law or fact; and

(4)    that, if the substantial question is determined favorably to defendant on appeal, the decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*Id*.

With respect to the third prong–whether the appeal raises a substantial question of law or fact–the Fifth Circuit has explained that an issue presents a substantial question of law or fact only if the issue raises a "substantial doubt (not merely a fair doubt) as to the outcome of its resolution." *Id*. The Fifth Circuit has cited with approval the Eleventh Circuit's explanation that a

3

"substantial question" of law or fact is a "close question or one that very well could be decided the other way." *Id*. (citing *United States v. Miller*, 753 F.2d 19, (3d Cir. 1985)).

The Fifth Circuit has further clarified that, although the absence of controlling precedent is one factor for the district court to consider in determining whether a question is "substantial," it is not the only factor. *Id*. Indeed, "there might be no precedent in this circuit, but there may also be no real reason to believe that this circuit would depart from unanimous resolution of the issue by other circuits." Id. (citing United States v. Miller, 753 F.2d 19, (3d Cir. 1985). It is not necessary for the district court to find that it committed error, as the district court properly deals with such inquiries in post-trial motions. Rather, the correct inquiry is whether the substantial question raised on appeal is such that, "if error is found, it will so taint the conviction that it is more probable than not that reversal will be required." *Id*.

## III.    PRESENT MOTION

Defendants have each moved for bond pending appeal. The Defendants contend that they have raised numerous substantial issues of fact and law for appeal that, if resolved in their favor, would warrant either a judgment of acquittal or a new trial.

### A.    Flight Risk and Danger to the Community

Both Defendants argue they meet prong 1. W. Reed avers there is "clear and convincing evidence" that he is unlikely to flee or pose a danger to the safety of any person or the community. (R. Doc. 383-1 at 2).[1] As evidence, he points to his history in law enforcement, his family and community ties, his employment record, his lack of criminal history, and his consistent appearance at every court proceeding. *Id*. The PSR states that W. Reed has retired from his position as District Attorney and is unlikely to commit further crimes. *Id.*

---

[1] Both Defendants cite to the PSR, which is not yet available to this Court.

4

S. Reed points to his deep ties to Southeast Louisiana – he was born and raised here and has close ties to many family members in the area. (R. Doc. 385-1 at 1-2). He has been on bond during the pendency of this litigation and has never failed to appear in court. *Id*. at 2. Further, his potential term of imprisonment would not provide a reason to flee: the PSR indicates his guideline range is 21-27 months and cites grounds for a downward variance. *Id*. Finally, there is no indication that S. Reed would pose any danger to the community, he will live with his mother while waiting for appeal, and he will continue to work at the English Tea Room, where his employer praises his work. *Id*.

The Government does not contest that both Defendants meet prong 1. (R. Doc. 386 at 4).

This Court finds there is no evidence suggesting either Defendant is a danger to the community or that they will continue to commit any crime. Accordingly, this Court also finds that Defendants have satisfied prong 1.

**B.      Delay**

Both Defendants aver their appeal is not for the purpose of delay. The Government does not contest this fact. This Court agrees that the appeal is not for purposes of delay and finds the Defendants satisfy prong 2.

**C.      Appeal raises a substantial question of law or fact and is likely to result in reversal or an order for a new trial**

Both Defendants intend to appeal their convictions. With regards to prongs 3 and 4, W. Reed avers he has raised substantial questions of law and fact in his pre- and post-trial motions that are likely to result in a reversal and/or an order for a new trial on appeal. (R. Doc. 383-1 at 2). These issues include, broadly, lack of jurisdiction, violations of federalism, prosecutorial misconduct and overreach, failure to sever, and vagueness. *Id*. at 7.

On appeal, W. Reed seeks to extend the Supreme Court's *McDonnell* decision, which he believes applies to his case. *United States v. McDonnell*, 136 S. Ct. 2355 (2016). He also points to *United States v. Carl Cleveland* – Mr. Cleveland spent several years in jail while appealing a conviction that was eventually overturned by the Supreme Court. 531 U.S. 12 (2000). The Court in *Cleveland* found that the prosecutors had overreached and threw out Cleveland's conviction under Louisiana state video poker regulations. W. Reed argues his case involves similar prosecutorial overreach, that it is similarly likely that his conviction will be overturned on appeal, and that he is in danger of unnecessarily spending years of his life in prison.

S. Reed asserts and adopts many of W. Reed's arguments, including concerns about vagueness and federalism, the extension of *McDonnell*, and failure to sever. (R. Doc. 385-1 at 3).

The Government opposes Defendants' motions, arguing that their arguments lack merit and contradict existing case law. (R. Doc. 386). They argue the Defendants fail to overcome the presumption that they should be detained pending appeal. The Government contends that W. Reed's arguments for bond are the same failed arguments he has made throughout this litigation. *Id*. at 4. The only really substantial issue, they argue, is that of federalism, but the Government avers that the Defendants' extension of McDonnell doesn't satisfy the substantiality requirement. Specifically, because Defendants' prosecution in this case does not rely on an underlying state conviction, it is inapposite to cited holdings and in line with Fifth Circuit precedent against granting bond. While the Court did suggest the Fifth Circuit or Supreme Court might better determine *McDonnell*'s applicability to this case is, the Government argues this doubt is not sufficiently substantial to merit bond pending appeal.

If the Court finds the issue to be substantial, the Government still argues that the Defendants fail to overcome the presumption for detention under §3143(b). To merit bond

6

pending appeal, the substantial question must result in an overall reversal or an order for a new trial on all counts for which imprisonment was imposed. Because the *McDonnell* issue does not impact the hospital counts, a meritorious and substantial *McDonnell* issue does not impact the entire case and thus fails to overcome the presumption for detention. Further, the possible sentence W. Reed faces for the hospital counts alone is likely greater than the time he faces pending appeal. It would not therefore be an injustice for him to spend this time in jail, as he would have to do so anyway even if his other convictions were overturned on appeal.

The availability of bond pending appeal has been limited by Congress to unique cases in which the Defendant faces certain prison time while appealing an uncertain conviction. In other words, the conviction on appeal contemplates a serious question of law or fact that, if found in the Defendant's favor, would result in either an acquittal or a new trial on all counts relevant to the Defendant's sentence of imprisonment. This Court finds that this case falls squarely into this limited category. Given the Supreme Court's recent decision in *McDonnell*, which was rendered after the trial in the instant case, there is a substantial question of law raised that may result in a reversal by either the Fifth Circuit or the Supreme Court.

Further, this Court also finds it quite possible that, on appeal, a higher court could find that the convictions in this case suffered from prejudicial spillover when the mail fraud charges (Counts 15-19) regarding W. Reed's dealings with St. Tammany Parish Hospital were charged along with the other charges associated with the Defendants' use of campaign funds (Counts 1-9 and 11-14). These questions present feasibly novel issues of law, and this Court finds this satisfies the substantiality requirement of the third prong of the Fifth Circuit's test. Accordingly, this Court finds the Defendants have met prongs 3 and 4.

Finally, this Court sees no harm to the Government in permitting the Defendants to remain on bond, as they have been throughout the pendency of this litigation. This Court does, however, appreciate the risk of great harm to the Defendants if they were to spend a year or more in jail only to have their convictions later thrown out or re-tried, as transpired in *Cleveland*. Weighing the substantial issues, the distinct possibility that this case could be overturned or re-tried, and the serious harm to the Defendants including the loss of liberty, this Court finds it proper to grant bond pending appeal to both Defendants.

**IV.    CONCLUSION**

For the reasons stated above, **IT IS ORDERED** that Walter Reed's Motion for Bond Pending Appeal (R. Doc. 383) and Steven Reed's Motion for Bond Pending Appeal (R. Doc. 385) are both hereby **GRANTED**. The Defendants shall remain on their current bond.

New Orleans, Louisiana, this 9th day of March, 2017.

_____

United States District Judge