**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO. 15-100** | |
| **versus** | * | **SECTION L** | **MAG. 2** |
| **WALTER P. REED**<br>**STEVEN P. REED** | *<br>*<br>* | **VIOLATIONS:** | **18 U.S.C.§2**<br>**18 U.S.C.§371**<br>**18 U.S.C.§1341**<br>**18 U.S.C.§1343**<br>**18 U.S.C.§1956**<br>**26 U.S.C.§7206(1)** |

* * * * * * * * * * * * *

**WALTER REED'S (1) MEMORANDUM IN SUPPORT OF MOTION TO LIMIT FORFEITURE AS TO THE ST. TAMMANY LEGAL FEES TO EVIDENCE ELICITED AT TRIAL AND (2) MOTION FOR A STAY OF ANY FORFEITURE ORDER UNTIL CONVICTION IS FINAL**

Defendant, Walter Reed, moves this Honorable Court for (1) a limitation on the St. Tammany Legal Fees forfeiture finding through the ten years of checks placed into evidence at the trial (i.e. $305,000.00); and (2) to stay any Forfeiture Order pending final conviction, consistent with this Court's granting of bond pending appeal.

## I. Limitations on the Forfeiture

As previously noted, during the pretrial stage, and in in response to defense discovery requests, the government, through a letter to the First Assistant, U.S. Attorney, limited the forfeiture demand to ten years prior to the Indictment, apparently based upon the existing evidence of checks between 2004 and 2014.

During the actual trial, the only evidence of checks payable to Walter Reed from the St. Tammany Hospital were the checks from 2004 to 2014 – consistent with the First Assistant's

pretrial representations. The post trial testimony of Bill Jones, the General Counsel, who oversaw the document production to the government, confirmed that the Hospital had no checks prior to 2004. Jones identified Walter Reed's Post-Trial Motion, Exhibit 6 and 7 (with attachments) as the only checks payable to Walter Reed in existence.

At the conclusion of the trial, the parties agreed that the Court will decide the forfeiture issues based on the existing evidence in the record of trial. In the post trial proceedings relative to forfeiture, the government, in its brief, created a chart reflecting $574,063.00 in checks (see Doc No. 361, p. 10. Government chart attached to this pleading as Exhibit A. The trial exhibit referenced in the chart are not checks but resolutions which deals with authority to pay and not the actual payment.) No such chart was presented to the jury, and the factual basis for checks prior to 2004 does not exist.[1]

Previously, the defendant in connection with the Preliminary Order of Forfeiture, proposed certain limitations on the St. Tammany Hospital legal fee forfeiture (e.g. the five counts specified in the Indictment, the five year statute of limitations, the limitation as to only when Assistant DAs attended in lieu of Walter Reed, etc.). The Court has already ruled on those objections rejecting those limitations. However, there is no basis in the record for extending the forfeiture of amounts paid to Walter Reed earlier than 2004. Utilizing the checks received during 2004 to 2014, the limitation, based on the checks would be $305,000.00.[2] While the Court rejected the five year statute of limitation contention by the defense, there is a basis for such limitations – documents are lost, and memories fade. The government has the burden of

---

[1] All the Stipulations with regard to bank records related to the campaign fund and not the St. Tammany Hospital banks. The only evidence relative to such checks payable to Walter Reed was from the Grand Jury return by the St. Tammany Hospital identified by Bill Jones at the post-trial proceedings. (Walter Reed BPA Exhibit 6 and 7).

[2] While the First Assistant's letter was limited to 10 years from the date of the Indictment (April 2015), the checks from all of 2004 were included in evidence at trial.

proof and in the absence of the checks from 1994 to 2004, speculation is not a valid basis for a $250,000.00 loss findings.

Defendant suggests that with regard to forfeitures earlier than 2004, the government has not met its burden, and any ruling by the Court should be limited to evidence elicited at trial and/or in the post-trial proceedings (i.e. $305,000.00).

Should the Court limit the forfeiture amount for the St. Tammany Legal Fees to $305,000.00, such a finding significantly affects the sentencing guidelines with regard to monetary amounts. The government is arguing the 14 point enhancement based on the "loss" in between $500,000.00 to $1.5 million dollars. If the $305,000.00 St. Tammany Hospital fees forfeiture amount is utilized, along with the reduced amounts based on recent findings of the Court as to the Campaign Funds, the resulting loss is under $500,000.00, and a lower guideline amount of points would be utilized (i.e., 12).

**II. Stay of Any Forfeiture Order**

Defendant, Walter Reed has filed a Motion for Bond Pending Appeal and the Court in a recent Order has granted both defendants bond pending appeal. While arguably, the granting of bond pending appeal would stay the forfeiture order, the defendant files the instant motion to ensure that in connection with the pronouncement of sentence, the forfeiture order is likewise stayed until such time there is an appellate review of the conviction upon which the forfeiture is based. Accordingly, the defendant, Walter Reed moves for the stay of any forfeiture order until such time as there is an appellate review to finalize the conviction.

**WHEREFORE,** defendant, Walter Reed, moves the Court (1) to limit the forfeiture order with regard to the St. Tammany Hospital to $305,000.00 (based on checks from 2004 to 2014 and (2) for a specific ruling that the Order of Forfeiture is stayed until such time as the conviction becomes final after appellate review, consistent with the granting of bond pending appeal.

Respectfully submitted,

**HAILEY, MCNAMARA, HALL,**
**LARMANN & PAPALE, LLP**

/s/Richard T. Simmons, Jr.________________
**RICHARD T. SIMMONS, JR., #13116**
One Galleria Boulevard, Ste. 1400
P.O. Box 8288
Metairie, Louisiana 70011-8288
Telephone: (504) 836-6500
Facsimile: (504) 836-6565
Counsel for *Walter P. Reed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management and that a copy of the same was either served on all counsel of record by electronic notification or by U.S. Mail, postage pre-paid.

Metairie, Louisiana this **21st** day of **March**, 2017.

/s/ Richard T. Simmons, Jr.