| Year | Months | Amount | Yearly Total | Trial Exhibit |
|---|---|---|---|---|
| | | | | |
| 1994 | 8 | $2,247.75 | $17,982.00 | 47.03, 50, 76 |
| 1995 | 12 | $2,247.75 | $26,973.00 | |
| 1996 | 12 | $2,247.75 | $26,973.00 | |
| 1997 | 12 | $2,247.75 | $26,973.00 | |
| 1998 | 12 | $2,247.75 | $26,973.00 | |
| 1999 | 12 | $2,247.75 | $26,973.00 | |
| 2000 | 12 | $2,247.75 | $26,973.00 | |
| 2001 | 3 | $2,247.75 | $6,743.25 | |
| 2001 | 9 | $2,500.00 | $22,500.00 | 47.18, 53, 56 |
| 2002 | 12 | $2,500.00 | $30,000.00 | |
| 2003 | 12 | $2,500.00 | $30,000.00 | |
| 2004 | 12 | $2,500.00 | $30,000.00 | |
| 2005 | 12 | $2,500.00 | $30,000.00 | |
| 2006 | 12 | $2,500.00 | $30,000.00 | |
| 2007 | 12 | $2,500.00 | $30,000.00 | |
| 2008 | 12 | $2,500.00 | $30,000.00 | |
| 2009 | 12 | $2,500.00 | $30,000.00 | |
| 2010 | 12 | $2,500.00 | $30,000.00 | |
| 2011 | 12 | $2,500.00 | $30,000.00 | |
| 2012 | 12 | $2,500.00 | $30,000.00 | |
| 2013 | 12 | $2,500.00 | $30,000.00 | |
| 2014 | 2 | $2,500.00 | $5,000.00 | 68.17 |
| | | | | |
| | | | **$574,063.25** | |

Obviously, the $574,063.25 exceeds the $12,500 total from the five counts of conviction, each of which concerned a payment for $2,500 made on a discrete occasion between 2011 and 2014. Rec. Doc. 64 at 28; Tr. Ex. 68.13-68.17. But where a fraud case is alleged as a continuing scheme—as in this case, *see* Rec. Doc. 64 at 25-27—a defendant is liable for the full amount derived from the scheme, not just proceeds derived from the acts forming the basis of the substantive counts of conviction. *See, e.g., United States v. Venturella*, 585 F.3d 1013, 1015, 1015-17 (7th Cir. 2009) (defendant's plea to one count of mail fraud involving $477 rendered her liable for a money judgment of $114,000, as forfeiture is "not limited to the amount of the particular mailing but extends to the entire scheme"); *United States v. Emor*, 850 F. Supp. 2d 176, 217



EXHIBIT
tabbies
A