# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 15-100** |
| | * | |
| **WALTER REED** | * | **SECTION "L"** |

## ORDER AND REASONS

The Court has before it Petitioner Walter Reed's Motion for Early Termination of Supervised Release. R. Doc. 573. The Government opposes. R. Doc. 576. Having considered the briefing and the applicable law, and having heard the parties at oral argument, the Court rules as follows.

### I.   BACKGROUND

On May 2, 2016, a jury found Petitioner guilty of eighteen counts related to a criminal conspiracy to capitalize on his position as a District Attorney via campaign finance fraud, money laundering, and misuse of complain funds. R. Doc. 247. Although the applicable Sentencing Guidelines range was determined to be 108 to 135 months in prison, R. Doc. 407, the Court ultimately granted a substantial downward variance to Mr. Reed's sentence and sentenced him to 48 months incarceration with a following two year term of supervised release. R. Doc. 454. The Court explained that this downward variance was based in part on Mr. Reed's long career in public service. R. Doc 472.

The Court permitted Petitioner to remain on bond pending the appeal process rather than immediately begin serving his sentence, so Mr. Reed was not incarcerated until May 17, 2019, after his appeal was rejected. R. Doc. 521. Mr. Reed served less than 18 months of his 48 month sentence before he was released to home confinement by the Warden for medical

reasons.[1] He began serving his two year term of supervised release on October 8, 2021.

## II.   PRESENT MOTION

After having served just a little more than a year of his term of supervised release,
Petitioner filed the present motion for early termination of his supervised release on November
22, 2022. R. Doc. 573. Mr. Reed argues that his "extraordinary" career in law enforcement, the
fact that he cooperated with the Government, and the fact that he has paid a substantial portion of
his ordered restitution justify early termination of his two year term of supervised release. *Id.*

## III.   APPLICABLE LAW

Supervised release serves two primary purposes: rehabilitation of the offender and
ensuring the safety of the public. *See, e.g.*, *United States v. Jeanes*, 150 F.3d 483, 485 (5th Cir.
1998). Pursuant to Title 18, United States Code, Section 3583(e), a defendant *may* be eligible for
termination of supervised release after he has served one year of supervised release. "Courts
have generally held that something more than compliance with the terms of probation is required
to justify early termination; early termination is usually granted only in cases involving changed
circumstances, such as exceptionally good behavior." *United States v. Smith*, No. 10- 53, 2014
WL 68796, at *1 (S.D. Miss. Jan. 8, 2014) (denying early termination of probation because
defendant failed to present exceptional or changed circumstances and instead "demonstrates only
that he has complied with the terms of his probation and maintained employment"); *see also*
*United States v. Hayes*, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying
early termination of supervised release for defendant who allegedly turned his life around). Proof
of compliance with the terms of supervised release does not itself justify early termination. *See*
*United States v. Reed*, No. 15- 100, 2020 WL 4530582, at *2 (E.D. La. June 5, 2020). Before
rendering its decision, a court must also consider the sentencing factors set forth in Title 18,

---

[1] *See, e.g.*, https://www.wdsu.com/article/former-sttammany-district-attorney-walter-reed-released-from-

United States Code, Section 3553(a). *See* 18 U.S.C. § 3583(e); Reed, 2020 WL 4530582, at *2.

## IV.    DISCUSSION

The Government argues that Mr. Reed fails to identify any "changed circumstances" that would justify his request for early termination of his supervised release. R. Doc 576. Mr. Reed asserts that his request should be granted based on his law enforcement record, his cooperation with the government, and the fact that he has substantially paid down his ordered restitution. R. Doc 576. However, the Court considered Mr. Reed's record and his cooperation with the Government when it sentenced him with a considerable downward variance from the Guidelines range. *See* R. Doc 472. Additionally, the fact that Petitioner has complied with his court ordered restitution does not constitute a reason for early termination of supervised release even considering that Petitioner is at this time ahead of the court ordered schedule of restitution payments. Accordingly, Petitioner fails to show that any changed circumstance justifies early termination of his supervised release.

Nor does consideration of the sentencing factors in 18 U.S.C. § 3553(a) convince the Court that early termination is justified. The Court already considered the nature and circumstances of the offense and the history and characteristics of Petitioner in fashioning its original sentence including two years of supervised release. R. Doc 472. Additionally, given that Mr. Reed served so little of his sentence of incarceration, and that he has at this time served only slightly more than a year of his term of supervised release, granting the instant motion would not reflect the seriousness of his offense, provide just punishment for it, or afford adequate deterrence to similar criminal conduct. Accordingly, Petitioner's motion is DENIED.

## V.    CONCLUSION

For the foregoing reasons, Petitioner Walter Reed's Motion for Early Termination of

prison/33670880.

Supervised release is **DENIED.**

New Orleans, Louisiana, this 5th day of December, 2022.

_____
United States District Judge